IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK-16

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**16. CLIFFORD M. WRIGHT,**

    Defendant.

## PLEA AGREEMENT

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney (hereinafter referred to as the Government), and the defendant, CLIFFORD M. WRIGHT (hereinafter referred to as the defendant), personally and by counsel, RONALD J. HAHN, Esq., submit the following Plea Agreement, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1.

It is the intention of the parties to resolve all pending criminal issues [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987) (agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea

Court's Exhibit 1

agreement). The offer memorialized in this Plea Agreement was accepted by the defendant when the defense filed its Amended Notice of Disposition (#273). This Plea Agreement and related communications are under color of FRE 410.

## I. AGREEMENT

A.     The defendant agrees to plead guilty to Count Twenty-Nine of the Indictment (#1), charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute a quantity of a mixture and substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance.

B.     In exchange for his plea of guilty to County Twenty-Nine, the Government agrees to file a motion to dismiss any remaining counts of the Indictment and any superseding indictment in this case as to the defendant, to be effective after the Court accepts the defendant's plea of guilty. Further, in exchange for the defendant's full and truthful cooperation with law enforcement in any state or federal prosecution or investigation as requested by the Government, the Government expects to file a motion asking the Court to grant a 30% to 40 % downward adjustment from the bottom of the Government's calculation of the applicable Guideline range.

C.     The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies

upwardly, or (3) the Court determines that the adjusted offense level is greater than 14 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the Government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

  D. In consideration of the defendant's plea of guilty and the imposition of sentence on said Count Twenty-Nine, the Government agrees to recommend the full adjustment for acceptance of responsibility and agrees that the Government will argue for a sentence within the Guidelines at the time of sentencing. If the defendant effectively withdraws and withholds any pretrial motions, the Government further agrees to recommend a sentence at the bottom of the applicable sentencing guidelines range as determined by the Court. The parties understand the Court is not bound by positions of the parties. The parties understand the Court will impose a sentence in accordance with the provisions of Title 18 U.S.C. § 3553.

  E. The parties understand the U.S. Sentencing Guidelines are advisory in nature

and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. §3553. By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the applicable Guidelines range. The Government may file pleadings, present argument or offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range.

## II. ELEMENTS OF THE OFFENSE

The parties agree, with respect to Count Twenty-Nine of the Indictment, the elements of the offense to which this plea is being tendered are as follows:

(1) On or about January 28, 2010;

(2) within the State and District of Colorado;

(3) the defendant, Clifford Wright;

(4) knowingly possessed a quantity of a mixture and substance containing a detectable amount of cocaine;

(5) with intent to distribute said cocaine mixture and substance; and

(6) said cocaine is a Schedule II Controlled Substance.

## III. STATUTORY PENALTIES

A. The statutory penalty for Count Twenty-Nine, Title 21 U.S.C. Section 841(a)(1) and (b)(1)(C), is not more than 20 years of imprisonment; there may also be a

4

fine of up to $1,000,000.00, or both a fine and a period of imprisonment; there is a mandatory term of supervised release of not less than 3 years following any period of imprisonment; and a $100.00 special assessment.

B. If a person fails to comply with the requirements of probation or pretrial release, that person may be subject to a period of imprisonment because of the violation of conditions of release or probation.

## IV.  COLLATERAL CONSEQUENCES

A federal felony conviction may have substantial consequences for a person's civil rights and abilities, such as the ability to qualify for certain professional licenses, the right to own, use, or carry a firearm, the right to hold elected office, the right to serve on a jury, the right to serve on a grand jury, or the right to vote during a period of confinement or supervised release. A person who is not a citizen of the United States will face deportation proceedings because of a federal felony conviction.

## V.  STIPULATION OF FACTS

A.   The parties agree there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to these considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement,

B.  This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other U.S.C. §3553 factors, or to the Court's overall sentencing decision.

C.  The parties agree evidence at trial would establish the following as to Count Twenty-Nine:

(1) On or about January 28, 2010, in the vicinity of 3014 E. Colfax Avenue, in the City and County of Denver,

(2) Within the State and District of Colorado,

(3) The defendant, CLIFFORD W. WRIGHT,

(4) Knowingly possessed a quantity of a mixture and substance containing a detectable amount of cocaine,

(5) With intent to distribute said cocaine,

(6) And defendant did sell approximately one ounce of said cocaine for $850.00 in a law enforcement controlled transaction with a Confidential Human Source of Information working with the ATF,

(7) Said Confidential Human Source of Information wore a body wire which recorded conversation between the defendant and the Confidential Human Source of Information,

(8) Surveillance officers were able to identify the defendant. The defendant was permitted to drive away from the location. Following the transaction, ATF special agents took custody

of the suspected cocaine; said suspected cocaine was submitted to a forensic laboratory for evaluation,

(9) The forensic laboratory evaluation was positive for cocaine and the net weight of the cocaine mixture and substance was approximately 28 grams, and

(10) Cocaine is a Schedule II Controlled Substance.

D. The Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the defendant or U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

A. The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies which matters are in dispute. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing

these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense.

B. The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department, is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court. The defendant understands and agrees he may not withdraw his plea solely as a result of the sentence imposed.

C. The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under §6B1.4 of the Guidelines:

1. The government asserts the base offense level for Count Twenty-Nine is **14** under §2D1.1(c)(13) of the Sentencing Guidelines (less than 50 grams but more than 25 grams of cocaine).

2. There are no 2D1.1(b) Specific Offense Characteristic adjustments. The parties stipulate there are no victim-related or obstruction adjustments. The government opposes any adjustment for role in the offense.

3. The Government joins in the defendant's request that he receive the full two level (or three levels if the base offense

8

level is above 16) acceptance of responsibility decrease under §3E1.1(a) and (b). If granted, according to the Government's calculations, the adjusted offense level would be **12**.

4. The defendant has one state felony conviction from 2004 for which he was sentenced to one year in CO DOC. Since then, the defendant has been convicted of several minor traffic violations. Government estimates the defendant qualifies for three criminal history points, making the defendant a Criminal History Category II. The defendant does not agree with the Government's estimate, asserts his Criminal History Category should be lower, and further reserves the right to request a departure or a variance as to the defendant's Criminal History Category. The parties understand and agree the Government's estimate regarding the defendant's criminal history category is a projection, and the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart

from the guidelines determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

5   The defendant is not eligible for "safety valve" consideration because the defendant has more than one Criminal History Point. Section 5C1.2.

## GUIDELINES PREDICTION

(A)   Count Twenty-Nine is a Class C felony. *See* 18 U.S.C. Section 3559(a). The Guidelines' sentencing range for Count Twenty-Nine, resulting from an adjusted offense level of 12, Criminal History Category II, is Zone C sentence including a term of imprisonment of 12-18 months. The Government anticipates recommending a 30% to 40 % reduction for substantial assistance pursuant to Section 5K1.1. For purpose of illustration, if the Government in its sole discretion asks the Court to reduce the defendant's sentence by 40%, assuming the Court grants such a motion, the recommended sentence would be a period of 7.2 months within Zone B, which would make the defendant eligible for a sentence to probation with conditions (such as home confinement) under Section 5B1.1(a)(2). The maximum guideline range for Level 12, Criminal History Category VI is a term of imprisonment of 30-37 months. The parties understand the Sentencing Guidelines are merely advisory to the Court and understand the Court will impose a sentence in its sound discretion and in accordance with factors in Title 18 U.S.C. Section 3553. The Court may impose a sentence up to the statutory maximum provided by law.

10

(B)   Pursuant to §5E1.2, the range of a fine for offense level 12 for the offense of conviction is $3,000.00 to $1,000,000.00.

(C)   In the event of conviction and imprisonment, the defendant is subject to the imposition of a term of supervised release of not less than 3 years and a mandatory special assessment of $100.00 per count of conviction.

(D)   The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

(E)   No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. §3553 factors.

(F)   The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory

guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the Government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 6/9/12                By: _____
                            RONALD J. HAHN, ESQ.
                            ATTORNEY FOR DEFENDANT WRIGHT


Date: 6/9/12                By: _____
                            CLIFFORD M. WRIGHT
                            DEFENDANT


Date: 21 JUNE 12            By: _____
                            GUY TILL
                            ASSISTANT U.S. ATTORNEY

N:\GTill\HLMC_Clifford_Wright_PLEA_AGREEMENT_Template_6_june.wpd

N:\GTill\HLMC_Clifford_Wright_PLEA_AGREEMENT_Template_6_june.wpd

Case No. 1:12-cr-00010-MSK   Document 521   filed 06/22/12   USDC Colorado   pg 13 of 13