IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CLIFFORD M. WRIGHT,

    Defendant.
_____

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing: Order)
_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 3:45 p.m., on the 13th day of November, 2012, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    RONALD HAHN, Attorney at Law, 333 West Hampden Avenue, Suite 415, Englewood, Colorado, 80110, appearing for the defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

1              (The following proceedings were had and entered of
2     record after the Court heard the arguments of counsel and
3     statement of defendant:)
4              *THE COURT:*  Then I'll announce the sentence I intend
5     to impose.  Of course, counsel, you'll have a final opportunity
6     to make legal objections before judgment is entered.  And if
7     you believe that the sentence is premised upon error or if it's
8     premised upon an issue or a resolution of an issue that you
9     don't think you had adequate opportunity to address, then I
10    invite you to request a continuance.
11             Imposition of a sentence in a federal criminal case is
12    governed by a number of statutes.  The umbrella statute is 18
13    U.S.C. Section 3553.  In imposing sentence in this case, as in
14    all cases, the Court is required to consider the objectives and
15    the factors set forth in Section 3553(a).  The statute requires
16    that the sentence be sufficient but not greater than necessary
17    to satisfy particular objectives:  The sentence must reflect
18    the seriousness of the offense; promote respect for the law;
19    provide just punishment; adequately deter criminal conduct;
20    protect the public from further crimes by the defendant; and
21    provide the defendant with needed educational or vocational
22    training, medical care, or other correctional treatment in the
23    most effective manner.
24             To fashion a sentence that meets these objectives, the
25    statute requires the Court to consider the nature and

1  circumstances of the offense; the history and characteristics
2  of the defendant; the kinds of sentences that are available;
3  the sentence prescribed by the federal sentencing guidelines;
4  the need to avoid unwarranted sentence disparities among
5  defendants with similar records found guilty of similar
6  conduct; and in the appropriate case, the Court would consider
7  restitution.
8       At the beginning of this hearing, I identified the
9  documents that I had studied in preparing for the hearing,
10 confirmed with counsel that they had had adequate opportunity
11 to review those documents; confirmed that there were no
12 additional documents other than those that were physically sent
13 to the Court, which I considered as well; confirmed that there
14 is no factual dispute in the presentence report that requires
15 determination by the Court, therefore, the Court takes the
16 facts in the presentence report with the exceptions noted by
17 the defendant as true; confirmed that the calculation in the
18 presentence report under the federal sentencing guidelines is
19 accurate.
20      That is where we start, is with those calculations.
21 The Base Offense Level under the sentencing guidelines for a
22 violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(C) is set
23 by Section 2D1.1 at 14.  This is because the parties stipulated
24 in the plea agreement that the net weight of the cocaine
25 mixture and substance was approximately 28 grams, which is less

1  than 50 grams but more than 25 grams.

2  There is an adjustment for acceptance of
3  responsibility.  The defendant receives the maximum downward
4  adjustment for his acceptance of responsibility, a two-level
5  adjustment.  That results in an offense level of 12.  Then we
6  turn to criminal history, which is the second component under
7  the guidelines.  There are 2 criminal history points.  That
8  puts the defendant in Criminal History Category II.  With a
9  Criminal History Category of II and an offense level of 12, the
10 custodial time period recommended by the guidelines is 12 to 18
11 months, supervised release of 3 years, a fine of 3,000 to
12 $1 million.  A special assessment of $100 is mandated by
13 statute.

14 The Government has filed a motion pursuant to Section
15 5K1.1 of the guidelines requesting a downward departure due to
16 the defendant's cooperation with the authorities.  The
17 Government has requested a 40 percent reduction off the bottom
18 end of the guidelines calculated in this case.  That would
19 result -- interestingly, what the guidelines -- what the
20 presentence report treats this as is a 40 percent reduction of
21 offense level, and I'm not sure that's how the motion is
22 characterized.  I thought it was a 40 percent off the guideline
23 range.

24 What was it that the Government wanted to do here?
25 *MR. TILL:*  Your Honor, I believe it was -- I believe

1   we did intend to go offense level in this case.

2   *THE COURT:* Okay.  Thank you.  With a 40 percent
3   reduction in the offense level, we're looking at a -- with a
4   Criminal History Category II and an offense level of 6, of a
5   guideline range of incarceration of 1 to 7 months.  This is a
6   Zone B sentencing range under the guidelines.  I find based on
7   the representations made by the Government, in conjunction with
8   its motion, that a departure is appropriate under Section 5K1.1
9   of the guidelines.  And there has been no evidence to suggest
10  that the calculation by the Government in the reduction is
11  inappropriate.  Therefore, this creates a guideline calculation
12  of an offense -- with an offense level of 6, with an advisory
13  guideline range of 1 to 7 months of incarceration.

14          The defendant requests a variant sentence.  The
15  original motion for a variant sentence that was filed at Docket
16  No. 739 was premised on a different assumption in calculation
17  of the guideline range.  Now, based on the current calculation
18  of the guideline range, I understand the defendant to request
19  one year of probation as a variant sentence with no conditions
20  related to substance abuse treatment or further treatment
21  associated with his prior conviction.

22          The Government has responded to that by saying that a
23  variant sentence here in its view should involve 2 years of
24  probation and have a home detention period of 6 months.  I
25  understand the defense to argue that there is no need for a

1   home detention period; however, the defense would have no
2   objection to two years of probation.
3            Have I correctly understood your position?
4            *MR. HAHN:*  Yes, you have.
5            *THE COURT:*  Okay.
6            As I indicated earlier, what we look at with regard to
7   sentencing under 18 U.S.C. Section 3553 is what sentence would
8   be sufficient but not greater than necessary to satisfy the
9   sentencing objectives.  I've listened carefully to what
10  Mr. Wright has said; I've listened to the arguments of counsel.
11  And I recognize that there was, by virtue of Mr. Wright's
12  cooperation with the Government, a significant reduction in the
13  sentence that is requested here or calculated here under the
14  sentencing guidelines; but I'm struck by the fact that this is
15  a serious offense.  And I'm particularly struck by Mr. Wright's
16  statement that he connected another individual with a supplier
17  of cocaine in order to facilitate a transaction of 1 ounce of
18  cocaine for $650.  Now, whether the seller of the cocaine or
19  the buyer of the cocaine was a confidential informant is
20  irrelevant; this is a drug transaction.
21           And even though this case arose out of an
22  investigation and is associated with charges made against
23  others concerning the Hells Lovers motorcycle club, that is not
24  what is of issue in the sentencing.  This isn't about whether
25  Mr. Wright is a good person.  This isn't about whether

1  Mr. Wright has an obligation to or wants to take care of his
2  children.  Every single one of us makes mistakes, and every
3  single one of us is accountable for the mistakes we make.  And
4  I'm struck here by Mr. Wright, who doesn't really -- hasn't
5  really in the course of his allocution indicated that this was
6  his mistake and he's accountable for it.  Instead, he sees this
7  as an outgrowth of his emotional state at the moment.
8         And while I appreciate his emotional state at that
9  time, in particular, the tragic loss of his son, that doesn't
10 excuse his behavior.
11        His cooperation with the Government has reduced the
12 guideline range that he is facing to a relatively -- very light
13 sentence, and I don't disagree with that.  I'm going to grant
14 the motion for the downward departure.  I do believe that the
15 sentence that is imposed here has to have more of a punitive
16 impact, however, than simply probation in light of the
17 seriousness of the offense and the need to promote respect for
18 the law.  And therefore, I intend with regard to the sentence
19 here, to impose a variant sentence that involves probation, but
20 2 years of probation, and 6 months of home detention.  This
21 facilitates Mr. Wright's ability to conduct his business,
22 support his children, recognizes that interruption of those
23 activities would be detrimental, both to him and to others, it
24 recognizes that he is on the cusp of having a very significant
25 and hopefully successful business, but it addresses the

1   seriousness of his conduct, which I'm not satisfied he's
2   addressed.
3       I intend to impose a special assessment of $100.  I do
4   not intend to impose a fine, because I find that he lacks the
5   ability to pay a fine.
6       With regard to the terms and conditions on supervision
7   during the probationary period, I do not find that he needs to
8   participate in and complete a program of testing and or
9   treatment for substance abuse, nor do I find that he has a need
10  to participate in and complete a program of sex offender
11  evaluation and treatment.  Neither of those appear to me to be
12  necessary in order to serve the sentencing factors.
13      So summarized, I intend to impose as a custodial term,
14  a 6-month term of home detention as part of a 2-year
15  probationary term with the standard conditions on probation,
16  and a special assessment of $100.
17      Any need for clarification or further explanation?
18  Mr. Till.
19      *MR. TILL:*  No, Your Honor.  Thank you.
20      *MR. HAHN:*  No --
21      Mr. Wright -- we don't need further explanation; we
22  don't need further time to deal with issues that have not
23  previously been addressed.  Mr. Wright has asked me to express
24  for him how I have viewed him during the pendency of this case.
25  And from day one, Mr. Wright has accepted responsibility for

1   committing a serious offense and has been willing to accept
2   whatever consequences would flow from that, recognizing that he
3   made a mistake.
4           I should tell the Court that I have represented
5   Mr. Wright previously.  And I don't know if the Court recalls
6   any of the information when bond had to be considered, but I
7   was court appointed in state court involving a situation with
8   Mr. Wright and some of his children.  And I have always found
9   him to be respectful of the law.
10          I think he was trying to explain to the Court when he
11  spoke to the Court why he allowed himself to be talked into
12  this.  But never for one minute or one day has he ever denied
13  that he did something wrong, that he was facing very serious
14  consequences.  And when I stated to the Court that he felt
15  fortunate to be here today, I was talking about where the
16  guidelines have brought us.  I think he does accept
17  responsibility for the breach of the law that he committed in
18  this case.
19          *THE COURT:*  Thank you.
20          Anything further before I impose judgment?
21          *MR. HAHN:*  Nothing --
22          *THE DEFENDANT:*  I never wanted to disrespect Your
23  Honor by implying in some way this was not serious.  When I say
24  lose everything, I -- what I mean by, very serious, not
25  partially or kind of.  Nor did I want to give Your Honor an

1   excuse for some other -- I was just trying to answer your

2   question.  But bottom line, I did this, I was wrong, and I am

3   here.  You know, I -- I apologize for my appearance, my kids.

4   I know I was wrong.

5           *THE COURT:*  Thank you.  It doesn't change the sentence

6   here.

7           Pursuant to the Sentencing Reform Act of 1984, having

8   considered the provisions of 18 U.S.C. Section 3553 and

9   determining the sentence that is sufficient but not greater

10  than necessary to satisfy the sentencing objectives, it is the

11  judgment of the Court that the defendant, Clifford M. Wright,

12  be placed on probation for a term of 2 years, and within that

13  2-year term, submit to home detention with electronic

14  monitoring for a period of 6 months.

15          The term of probation will be subject to the standard

16  conditions.  The defendant shall not unlawfully possess a

17  controlled substance, he'll refrain from any unlawful use of a

18  controlled substance, he'll cooperate in the collection of DNA

19  as directed by the probation officer, and he'll comply with the

20  requirements of the Sex Offender Registration Notification Act,

21  42 U.S.C. Section 16901 et seq., as directed by the probation

22  officer.

23          I do not impose any special conditions of supervision,

24  I do not impose a fine, both for the reasons specified earlier.

25  There is a special assessment of $100, which is mandated by

1 statute.

2 The defendant is advised, however, of his right to
3 appeal. You have 14 days in which to file a Notice of Appeal,
4 if you would like, Mr. Wright. And ordinarily, Mr. Hahn would
5 file that Notice of Appeal for you; but if for some reason you
6 wish to appeal, and he's unable or is unwilling to file a
7 Notice of Appeal on your behalf, you may request and I will
8 direct the Clerk of the Court to file a Notice of Appeal for
9 you.

10 Is there any further business to bring before the
11 Court? Do you have a bond that needs to be exonerated?

12 *MR. HAHN:* Yes, please.

13 *THE COURT:* All right. The bond is exonerated.
14 Anything further?

15 *MR. TILL:* Not from the Government, Your Honor.

16 *MR. HAHN:* And I have nothing further.

17 *THE COURT:* Thank you -- Mr. Burney.

18 *PROBATION OFFICER:* Your Honor, I would like to just
19 say for the record, I think that the 6 months of home
20 confinement would need to be a special condition of the --

21 *THE COURT:* All right. We'll make it a special
22 condition. And that will be telephone monitored; is that
23 correct?

24 *PROBATION OFFICER:* Yes.

25 *THE COURT:* Then, Mr. Wright, you'll be sure to have

```
 1  installed a telephone that is compliant with the telephone
 2  monitoring.
 3          MR. HAHN:  He's already in a position for that to
 4  happen.
 5          THE COURT:  Okay.  All right.  Then, thank you.  That
 6  will conclude this matter.  Thank you, Mr. Till; thank you,
 7  Mr. Hahn; thank you, Mr. Burney; thank you to our Marshal
 8  Service and our court staff.  That concludes this matter.
 9  We'll stand in recess.
10          MR. HAHN:  Thank you.
11          (Recess at 4:27 p.m.)
12                       REPORTER'S CERTIFICATE
13
14       I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.
15
16       Dated at Denver, Colorado, this 15th day of November,
17  2012.
18                                      s/Therese Lindblom
19                                  _____
                                        Therese Lindblom,CSR,RMR,CRR
20
21
22
23
24
25
```