IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-CR-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CLIFFORD M. WRIGHT,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Hearing on Change of Plea)

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 4:04 p.m., on the 21st day of June, 2012, in Courtroom A901, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    RONALD HAHN, Attorney at Law, 333 West Hampden Avenue, Suite 415, Englewood, Colorado, 80110, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Paul Zuckerman, 901 19th Street, Room A259, Denver, Colorado, 80294, (303) 629-9285

1                          **PROCEEDINGS**

2           (In open court at 4:04 p.m.)

3                 THE COURT:  Please be seated.

4           The Court is convened today in Case No. 12-cr-10 for

5     purposes of a change of plea.  For purposes of this hearing,

6     the caption is the United States of America vs. Clifford M.

7     Wright.

8                 Could I have entries of appearance please.

9                 MR. TILL:  Good afternoon, your Honor.  I'm Guy Till.

10    I'm an Assistant United States Attorney, representing the

11    Government.  Also present to assist today is ATF Special Agent

12    Jason Cole.

13                THE COURT:  Good afternoon and welcome.

14                MR. HAHN:  And good afternoon, your Honor.  My name is

15    Ronald Hahn.  I represent Mr. Clifford Wright, who is present

16    on bond.

17                THE COURT:  Good afternoon and welcome.

18                Are you all ready to proceed?

19                MR. HAHN:  We are.

20                THE COURT:  Thank you.

21                Would you and your client please approach the lectern.

22                This matter is before the Court for a change in the

23    defendant's plea, for re-arraignment pursuant to Rule 10, and

24    for consideration of and advisement with regard to the parties'

25    plea agreement in accordance with Rule 11, both of the Federal

1    Rules of Criminal Procedure.

2         The record reflects that the defendant was charged in

3    an original indictment filed with this court on January 9,

4    2012, Docket No. 1, and also in a superseding indictment filed

5    on February 6, 2012, at Docket No. 180.

6         He entered a plea of not guilty to the charges brought

7    against him in the indictments.  And I understand that pursuant

8    to the provisions of a written plea agreement he now desires to

9    change his plea to a plea of guilty to Count 29 in the original

10   indictment and in exchange for that the Government intends to

11   dismiss the other counts; is that correct?

12        *MR. TILL:*  Yes, your Honor.  We're going to ask the

13   Court to dismiss Count 30 and Count 32 of the original

14   indictment and we're going to ask the Court to dismiss the

15   superseding indictment as to the defendant.

16        *THE COURT:*  Thank you.

17        Would you please re-arraign.

18        *MR. TILL:*  Sir, are you the same Clifford M. Wright

19   who is named in Count 29 of the indictment returned by the

20   grand jury in this case?

21        *THE DEFENDANT:*  Yes.

22        *MR. TILL:*  Sir, in Count 29, the grand jury alleged a

23   violation of possession with intent to distribute cocaine.  The

24   allegation is that on or about January 28, 2010, within the

25   State and District of Colorado, the defendant, Clifford M.

1    Wright, knowingly possessed with intent to distribute a

2    quantity of a substance and mixture containing a detectable

3    amount of cocaine, a Schedule II controlled substance, all in

4    violation of Title 21 United States Code Section 841(a)(1) and

5    (b)(1)(C).

6             Sir, do you understand that charge?

7             *THE DEFENDANT:*  Yes, sir.

8             *MR. TILL:*  Do you have any questions about it, sir?

9             *THE DEFENDANT:*  No.

10            *MR. TILL:*  Sir, today, how do you plead to Count 29?

11   Do you plead not guilty, or do you plead guilty?

12            *THE DEFENDANT:*  Guilty.

13            *MR. TILL:*  Thank you, sir.

14            *THE COURT:*  As of this moment, Mr. Wright, you're not

15   bound by your plea of guilty.  Indeed, you're not bound by this

16   plea until I accept it.  You can change your mind at any point

17   during this hearing until I accept it.

18            In order to accept your plea, I have to be sure that

19   you understand the charges that have been brought against you,

20   you understand your choices and the consequences that flow from

21   those choices.  I have to be sure that your decision to plead

22   guilty is voluntary and you haven't been pressured into it, and

23   I have to find that there is a factual basis for your plea.

24            In addition, according to the terms of the written

25   plea agreement, there are other rights that you are waiving;

1    and I have to make sure that your waiver is knowing and

2    voluntary.

3           Throughout this hearing, I want you to let me know if

4    there is anything you don't understand or if you have any

5    questions.  If you'd like to consult with Mr. Hahn at any time,

6    please let me know and we'll take a brief recess so that you

7    can confer privately.

8           I begin by asking you a number of questions.  They're

9    not intended to trap, embarrass, insult, or offend you.  The

10   questions are important because your answers are important.

11   It's your answers that I assess in order to determine whether I

12   can accept your plea or not.

13          Therefore, you must answer my questions truthfully and

14   completely.  Indeed, just like a witness, you take a solemn

15   oath promising to tell truth.  And if you don't, your answers

16   can be used against you if an action is brought against you for

17   false statement or perjury.

18          Do you understand?

19          *THE DEFENDANT:*  Yes.

20          *THE COURT:*  Do you want to proceed?

21          *THE DEFENDANT:*  Yes, ma'am.

22          *THE COURT:*  Would you please administer the oath.

23          *THE COURTROOM DEPUTY:*  Please raise your right hand.

24      (Defendant sworn.)

25          *MR. HAHN:*  Just for the Court's information,

1    Mr. Wright has a hearing impediment and wears a hearing aid,

2    and sometimes he doesn't grasp what is being said.

3              THE COURT:  Would the headsets that are available in

4    the courtroom be helpful?

5              THE DEFENDANT:  I didn't hear.

6              MR. HAHN:  She asked if the headsets that are

7    available --

8              THE DEFENDANT:  They interfere with my hearing aid.

9    They don't really work that well.  I tried them when we were in

10   the preliminary whatever, but I can ask Mr. Hahn.  He knows.

11             THE COURT:  Okay.  I think that Mr. Wright needs to

12   stand in front of the microphone, Mr. Hahn, because he's going

13   to be answering questions.

14             I'll try and speak up and hopefully that will help.

15             THE DEFENDANT:  Thank you.

16                          **EXAMINATION**

17   *BY THE COURT:*

18   *Q.*  Mr. Wright, how old are you?

19   *A.*  I'm 40.

20   *Q.*  What level of school did you complete?

21   *A.*  I have two undergraduate degrees.

22   *Q.*  Do you have any difficulty reading or writing?

23   *A.*  No, ma'am.

24   *Q.*  Within the last 24 hours, have you taken any medication?

25   *A.*  No.

1   *Q.*  Within the last 24 hours, have you used any drug or

2   alcohol?

3   *A.*  No.

4   *Q.*  To the best of your knowledge, have you ever been diagnosed

5   with any form of mental illness?

6   *A.*  No.

7   *Q.*  Is there anything about the way you feel today physically

8   or emotionally or mentally that makes it difficult for you to

9   understand what is happening?

10  *A.*  No, ma'am.

11  *Q.*  Have you read and do you understand the charges against you

12  in the original indictment and the superseding indictment?

13  *A.*  Yes.

14  *Q.*  Have you discussed those with Mr. Hahn?

15  *A.*  Yes.

16  *Q.*  Have you asked him all the questions you had?

17  *A.*  Yes.

18  *Q.*  Has he answered all of your questions?

19  *A.*  Yes, he has.

20         *THE COURT:*  Thank you.

21         Mr. Hahn, could you identify the plea agreement,

22  please.

23         *MR. HAHN:*  The plea agreement is marked as Court

24  Exhibit No. 1.

25         *THE COURT:*  Thank you.

1    *BY THE COURT:*

2    *Q.*  Mr. Wright, please look at Exhibit No. 1.

3              Have you read this document?

4    *A.*  Yes, ma'am.

5    *Q.*  Have you discussed it with Mr. Hahn?

6    *A.*  Yes.

7    *Q.*  Have you asked him all the questions you had about it?

8    *A.*  Yes.

9    *Q.*  Has he answered all your questions?

10   *A.*  Yes.

11   *Q.*  Are there any other questions you want to ask him?

12   *A.*  No.

13   *Q.*  This document has a lot of legal language in it.  Do you

14   understand what it says and what it means?

15   *A.*  Yes, I do.

16   *Q.*  Does it reflect all of your agreement with the Government?

17   *A.*  Yes.

18   *Q.*  Would you please turn to page 2, paragraph C.

19              You will see there in paragraph C a waiver of certain

20   rights that you have associated with a judgment or a sentence

21   in this case.  Under federal statute, you have a right to

22   appeal the sentence that is imposed; but in accordance with

23   this plea agreement, you're giving up that right.  You're

24   waiving that right except in limited circumstances.  You will

25   only be able to appeal from the sentence that is imposed if it

1  exceeds the statutory penalty maximum, if the penalty exceeds

2  the federal sentencing guideline range, or if the penalty

3  exceeds the calculation under the guidelines based on an

4  adjusted offense level of 14.

5        You also are giving up your right to collaterally

6  attack the sentence and the judgment entered in this case.  You

7  ordinarily would have a right both by federal statute and under

8  the United States Constitution to challenge a judgment that is

9  entered by seeking a writ of *habeas corpus*, but you're giving

10  up that right except in limited circumstances as well.  You

11  will only be able to exercise that right by filing a petition

12  for a writ of *habeas corpus* if there is a retroactive change in

13  the applicable guidelines or sentencing statute, if you contend

14  that you were denied constitutionally effective assistance of

15  counsel, or if you claim that you were the victim of

16  prosecutorial misconduct.

17        Now, this particular waiver provision also states that

18  if the Government appeals from the sentence that is imposed,

19  your waivers are released.

20        Do you understand the -- this particular provision?

21  *A.*  Yes, ma'am.

22  *Q.*  Any questions about it?

23  *A.*  Not at this time, no.  No.

24        *THE COURT:*  Thank you.

25        Mr. Hahn -- before I ask you, let me ask Mr. Wright.

1    *BY THE COURT:*

2    *Q.*  Did you sign this agreement?

3    *A.*  Yes, I did.

4    *Q.*  Is your signature on the last page of the agreement?

5    *A.*  Yes, ma'am.

6            *THE COURT:*  Thank you.

7            Mr. Hahn, did you also sign this agreement?

8            *MR. HAHN:*  I did.

9            *THE COURT:*  And it sounds like from Mr. Wright that

10   you reviewed the agreement with him and answered his questions.

11           *MR. HAHN:*  That is -- I'm sorry.

12           *THE COURT:*  Go ahead.  Go ahead.

13           *MR. HAHN:*  I was going to say that is correct.

14           *THE COURT:*  Are you satisfied that he understands the

15   contents of Exhibit 1?

16           *MR. HAHN:*  Yes, I am.

17           *THE COURT:*  Did you review the discovery in this case?

18           *MR. HAHN:*  I did.

19           *THE COURT:*  Does it comport with the facts recited in

20   Exhibit 1?

21           *MR. HAHN:*  It does.

22           *THE COURT:*  Thank you.

23           Mr. Till, does Exhibit 1 also bear your signature?

24           *MR. TILL:*  It does, your Honor.

25           *THE COURT:*  Thank you.

1    *BY THE COURT:*

2    *Q.*  Mr. Wright, in Exhibit 1, there is statement of what the

3    Government believes it can prove if this matter were to go to

4    trial.  By entering into these -- this plea agreement, you are

5    admitting that these facts are true.  I will treat them as true

6    both for considering your plea and also for purposes of

7    sentencing.

8              Therefore, I'm going to ask Mr. Till to recite the

9    facts you have agreed to.  Listen closely to what he says,

10   because when he finishes, I'm going to ask you if these facts

11   are true.  If you have any disagreement with the facts recited

12   by Mr. Till, you must say so.  Do you understand?

13   *A.*  Yes.

14             *THE COURT:*  Thank you.

15             Mr. Till, would you please recite the fact upon which

16   the parties agree.

17             *MR. TILL:*  Yes, your Honor.

18             If it please the Court and Counsel, your Honor, the

19   parties agree evidence at trial would establish the following

20   as to Count 29:

21             On or about January 28, 2010, in the vicinity of 3014

22   East Colfax Avenue in the City and County of Denver, within the

23   State and District of Colorado, the defendant, Clifford W.

24   Wright, knowingly possessed a quantity of a mixture and

25   substance containing a detectable amount of cocaine with intent

1    to distribute said cocaine and defendant did sell approximately

2    1 ounce of said cocaine for $850 to a law enforcement

3    controlled -- excuse me -- in a law enforcement controlled

4    transaction with a confidential human source of information

5    working with the ATF.  Said confidential human source of

6    information wore a body wire which recorded a conversation

7    between the defendant and the confidential human source of

8    information.  Surveillance officers were able to identify the

9    defendant.  The defendant was able -- was permitted to drive

10   away from the location.

11          Following the transaction, ATF Special Agents took

12   custody of the suspected cocaine.  Said suspected cocaine was

13   submitted to a forensic laboratory for evaluation.  The

14   forensic laboratory evaluation was positive for cocaine, and

15   the net weight of the cocaine mixture and substance was

16   approximately 28 grams.

17          Cocaine is a Schedule II controlled substance.

18          That concludes the facts, your Honor.

19          THE COURT:  Thank you.

20   BY THE COURT:

21   Q.  Mr. Wright, are these facts true?

22   A.  Yes.

23   Q.  Then let's talk about penalty.  For violation of 21 U.S.C.

24   Section 841(a)(1) and (b)(1)(C) as charged in Count 29, the

25   maximum penalty is 20 years of imprisonment.  A fine of

1    $1 million can be imposed, and both a fine and a term of

2    imprisonment can be imposed.

3            There is a mandatory term of supervised release of at

4    least three years following a term of imprisonment.  There is a

5    mandatory $100 special assessment.

6            This is a felony conviction; and as a felony

7    conviction, it can impact your civil rights.  It can prevent

8    you from being able to vote, hold elective office, serve on a

9    jury, lawfully possess a firearm, or obtain any number of

10   licenses that are issued by governmental authorities.

11           In the federal system, we measure terms of

12   incarceration in months rather than years.

13           There is no automatic reduction, there is no parole.

14   That means that every month I sentence you to serve, you'll

15   serve.

16           There are a limited number of ways to reduce a

17   sentence, and a couple of those ways you have given up in your

18   plea agreement.  First, the Government can file a motion

19   shortly after judgment is entered to reduce a sentence.

20           Second, you could bring an appeal; and if you were

21   successful there could be a resentencing.  But you've given up

22   that right for the most part in accordance with your plea

23   agreement.

24           Third, you could challenge a judgment in this case by

25   collaterally attacking it, seeking a writ of *habeas corpus*.

1    But again, you've pretty much given up that right except in

2    limited circumstances, too.

3            And finally, the Bureau of Prisons has discretion to

4    give you limited credit against your sentence if you follow

5    their rules and regulations.  The Bureau of Prisons' discretion

6    is limited to being able to give good time credit of 54 days

7    per year, but there is no guarantee that they will do that.  It

8    depends upon their assessment of your behavior and compliance

9    with their rules and regulations.

10           After completion of a prison term, there is a term of

11   supervised release.  And here, it has to be at least three

12   years long.  When you're on supervised release, you're required

13   to adhere to a number of conditions.  These conditions regulate

14   your behavior and they're mandatory.  That means you have to

15   comply with all of them all of the time.

16           A probation officer monitors your compliance.  The

17   conditions fall into two categories, standard conditions and

18   special conditions.  Standard conditions include not being able

19   to commit any new crimes, use, sell, or possess any illegal

20   substances, and use, sell, or possess any prohibited firearms.

21   But you should understand there are a lot more standard

22   conditions than those three.  I'm just not going to repeat all

23   of them.

24           In addition, there can be special conditions.  And

25   these conditions are unique to you and to your particular

1    circumstances.  I can't guess with any degree of certainty what

2    special conditions will be imposed.  But I can tell you

3    generally what they involve.  You may be required to have

4    periodic drug checks.  You may be required to participate in

5    various rehabilitation programs.  If you've used drugs in the

6    past probably a drug rehabilitation program.  If you've misused

7    alcohol in the past you may be required to participate in an

8    alcohol rehabilitation program.  And if you have had or you

9    develop mental health issues, you may be required to

10   participate in a mental health assessment and mental health

11   treatment.

12          Now, the important thing about all of these conditions

13   is, as I said, they're mandatory.  You must comply with all of

14   them all of the time.  And if you don't, the probation officer

15   with the assistance of the Government can bring you back here

16   to this courtroom or to another courtroom and ask that your

17   supervised release term be revoked.  If it's revoked, you can

18   be sent back to prison for another term of incarceration.

19          Now, the penalty that will be imposed here is not just

20   a function of the statute of conviction.  In deciding what

21   penalty is appropriate, I have to consider some other statutes.

22   But the most important of these is 18 U.S.C. Section 3553.  It

23   requires me to impose a sentence that is sufficient but not

24   greater than necessary to satisfy particular objectives; so

25   your sentence must promote respect for the law, provide just

1    punishment, adequately deter criminal conduct, protect the

2    public from further crimes by you, and provide you with needed

3    educational or vocational training, medical care, or other

4    correctional treatment in the most effective manner.

5        In order to fashion a sentence that meets these

6    objectives, this same statute tells me what factors I can

7    consider: the nature and circumstances of the offense, your

8    history and characteristics, the kinds of sentences that are

9    available, what the Federal Sentencing Guidelines would

10   require, the need to avoid unwarranted sentence disparities

11   among defendants with similar records found guilty of similar

12   conduct, and in the appropriate case I would consider

13   restitution.

14       I know that your attorney and the Government's

15   attorney have calculated in the plea agreement the Federal

16   Sentencing Guideline range they think will apply in this case;

17   but that's a prediction or an expectation or an estimate.

18   You'll find that calculation beginning on page 7 of Exhibit 1;

19   but there are several things about this calculation that you

20   need to know.  First of all, it's not binding.  There is no

21   guaranteed sentence here.

22       Secondly, at the time of sentencing, we will not be

23   working from this document.  We will be working from another

24   document that has another calculation under the guidelines.

25   That document is called the presentence report, and it's

1    prepared by the probation office of the Court.

2            Between now and the time of sentencing, you and

3    Mr. Hahn will meet with the probation officer.  And the

4    probation officer will gather information from other sources,

5    and all this information will be compiled in the presentence

6    report.

7            You'll have an opportunity to look at it, as will the

8    Government, before sentencing.  And if you have a problem with

9    it, you can bring that to the attention of the probation

10   officer.  If the probation officer doesn't adequately address

11   your concerns you'll be able to raise them at the time of

12   sentencing.

13           But it's not uncommon to have the calculation under

14   the guidelines in the presentence report differ from the

15   calculation in the plea agreement, so it's important that you

16   carefully review that report.

17           Finally, you should understand that the calculation

18   under the guidelines is only one factor that I consider in

19   determining your sentence.  It's an important factor, but it's

20   not the only factor.  It's a starting point, but it's not

21   necessarily the ending point.  And that's because the sentence

22   to be imposed must satisfy those sentencing objectives I

23   mentioned a few minutes ago.  And if the calculation under the

24   guidelines doesn't accomplish those objectives, then I can

25   impose a non-guideline sentence.  Sometimes people call that a

1    variant sentence.  Sometimes people call it a statutory

2    sentence.  But it all means the same thing.  It's a sentence

3    outside the guideline range.  And that sentence can be higher

4    than the guideline range or lower than the guideline range,

5    whatever is necessary to serve those sentencing objectives.

6            Now, your sentencing hearing will occur a number of

7    weeks from now.  And as I said, you'll have an opportunity to

8    review the presentence report before the sentencing hearing.

9    Please don't be confused by the title probation officer.

10   That's the title of the person who prepares the report, but it

11   has nothing to do with the penalty that will be imposed.

12           At the time of sentencing, your attorney and the

13   Government's attorney will each have an opportunity to make an

14   argument as to what sentence they believe is appropriate.  You

15   will have an opportunity to make a statement, but no one else

16   may make a statement on your behalf.  If there are other people

17   who want to say something about your history and

18   characteristics or other factors that are referenced this 18

19   U.S.C. Section 3553, they may write a letter to the probation

20   officer, not to me but to the probation officer, so that the

21   letter can be included with the presentence investigation

22   report.  I'll read that report and any letters that are

23   included with it before the sentencing hearing.

24           Do you understand the objectives and factors that I'll

25   be evaluating in determining your sentence?

1    *A.*   Yes.

2    *Q.*   Do you understand the maximum sentence that can be imposed?

3    *A.*   Yes.

4    *Q.*   Do you understand that there is a minimum sentence with

5    regard to the supervised release time period?

6    *A.*   Yes.

7    *Q.*   Do you understand that this is a felony conviction and that

8    it may affect your civil rights?

9    *A.*   Yes.

10   *Q.*   Do you understand that the sentence imposed may be more

11   severe than what is calculated in Exhibit 1?

12   *A.*   Yes.

13   *Q.*   Do you understand that if I accept your plea today no

14   matter what the sentence is you won't be able to withdraw your

15   plea at the time of sentencing?

16   *A.*   Yes.

17   *Q.*   Any questions about sentencing?

18   *A.*   No.

19           *THE COURT:*  Thank you.

20           Mr. Hahn, could you identify the statement in advance,

21   please.

22           *MR. HAHN:*  It is marked as Court Exhibit 2.

23           *THE COURT:*  Thank you.

24   *BY THE COURT:*

25   *Q.*  Mr. Wright, please turn to Exhibit 2.

1          Have you read this document?

2     A.   Yes.

3     Q.   Have you discussed it with Mr. Hahn?

4     A.   Yes.

5     Q.   Have you asked him all the questions you had about it?

6     A.   Yes.

7     Q.   Has he answered all of your questions?

8     A.   Yes.

9     Q.   Are there any more questions you have for him?

10    A.   No.

11    Q.   Did you sign this document?

12    A.   Yes, I did.

13    Q.   Is that your signature at the end of the document?

14    A.   Yes, it is.  Yes.

15    Q.   Then let's go over the constitutional rights you're giving

16    up today by making your plea of guilty.

17          Under the United States Constitution, you have a

18    number of rights and protections, and you're giving up some of

19    those by making your plea of guilty today.  First and foremost,

20    the Constitution guarantees to you that when charges such as

21    these brought against you, you can have a jury determine them

22    in a jury trial.

23          Now, ordinarily that trial would take place in this

24    courtroom and the jury would sit to my left in the jury box.

25    12 people would serve on that jury, and you and your attorney

1    and the Government's attorney would all participate in

2    selecting the people who would serve on the jury.

3           You and the Government could exclude any potential

4    juror who could not be fair and impartial or was unwilling or

5    unable to follow law.

6           Once the jurors are selected, they all take a solemn

7    oath promising to consider only the evidence presented here in

8    the courtroom and to follow the instructions I give them as to

9    the law.

10          One of the instructions I give them tells them that in

11   order to convict you, they must reach a unanimous agreement,

12   concluding that the Government has proven every element of the

13   charge or charges against you beyond a reasonable doubt.  If

14   any one of them has a reasonable doubt, you cannot be

15   convicted.

16          Now, during the trial, you have several other

17   constitutional rights.  For example, you have the right to

18   remain silent.  That right has several aspects.

19          First it means that you cannot be forced to answer any

20   questions or testify.

21          Second, the jury cannot consider your silence in

22   determining whether the Government has proven the charge or

23   charges against you.

24          Third, even though you remain quiet and do not say

25   anything, your attorney need not do that.  Your attorney can

1    cross-examine all of the witnesses and challenge all the

2    evidence put on by the Government.  Your attorney can make

3    arguments to the jury and also to me.

4          And finally, because this is a right, you can give it

5    up if you want to.  That means you can testify if you'd like,

6    and you can make that decision either before trial or during

7    trial.

8          You have yet another constitutional right in your

9    right to present evidence.  You can call witnesses or present

10   other evidence during the trial.  In fact, if there are

11   witnesses you want to call to testify on your behalf and

12   they're reluctant to come forward, I would compel them to come

13   forward and testify.

14         You have yet another constitutional right, in that you

15   are entitled to have an attorney represent you.  And where you

16   can't afford an attorney, one is appointed to represent you

17   without any cost to you.

18         Now, I know that Mr. Hahn has represented you in the

19   negotiation of this plea agreement, Exhibit 1.  But if you

20   would prefer to go to trial, I can assure you that Mr. Hahn

21   would represent you ably and well at trial.

22         And if you were to be convicted at trial, you would be

23   able to appeal both from your conviction and also from your

24   sentence.  But today, by entering a plea of guilty, you are

25   giving up your right to a trial.  There will be no jury trial,

1    and you are giving up all the constitutional rights associated

2    with that process.  You will not be able to appeal from your

3    conviction; and for the most part, you will not be able to

4    appeal from the sentence that is imposed.

5            Do you understand that you're waiving your right to a

6    jury trial and other constitutional rights associated with it

7    if you proceed with your plea of guilty today?

8    *A.*  Yes.

9    *Q.*  Is that what you want to do?

10   *A.*  Yes.

11   *Q.*  Has anybody pressured you to make this plea today?  And

12   before you answer that question, let me define "anybody" for

13   you.  It has the broadest definition possible.  It includes

14   your family, friends, neighbors, strangers, enemies, people you

15   hang out with, people you like, people you don't like.  It

16   includes people here at the courthouse or the attorneys or law

17   enforcement officers.  It includes anybody.

18           Has anybody pressured you to enter this plea today?

19   *A.*  No.

20   *Q.*  Has anybody promised you something that isn't in the plea

21   agreement?

22   *A.*  No.

23   *Q.*  Have you had enough time to review and consider and discuss

24   your plea and plea agreement with Mr. Hahn?

25   *A.*  Yes, I've had enough time.  Excuse me.

 1   *Q.* Are you satisfied with him as your attorney?

 2   *A.* Yes. Very.

 3   *Q.* Do you have any concerns, complaints, or criticism about

 4   the legal representation you've received?

 5   *A.* None at all.

 6   *Q.* Do you want to ask him any questions?

 7   *A.* No.

 8   *Q.* Do you have any questions for me?

 9   *A.* No, ma'am.

10   *Q.* Well, then now is the time to finalize your decision.  This

11   plea agreement you and I have been discussing, Exhibit 1:  Do

12   you still want to proceed with it?

13   *A.* Yes.

14   *Q.* Do you still want to enter a plea to Count 29 in the

15   original plea agreement -- I'm sorry -- in the original

16   indictment?

17   *A.* Yes.

18        *THE COURT:*  Mr. Hahn, any reason not to accept the

19   plea and plea agreement?

20        *MR. HAHN:*  No.

21        *THE COURT:*  Mr. Till?

22        *MR. TILL:*  No reason not to accept it, your Honor.

23        *THE COURT:*  Thank you.

24        Pursuant to the terms of this plea agreement, the

25   Government agrees to dismiss other charges against Mr. Wright.

1    Would you make that motion, please.

2              *MR. TILL:*  Yes, your Honor.  The Government enters

3    this oral motion to dismiss Count 30 and Count 32 of the

4    original indictment and to dismiss the superseding indictment

5    as to Clifford M. Wright.

6              *THE COURT:*  Thank you.

7              Does the remaining count that Mr. Wright has pled

8    guilty to, Count 29 of the original indictment, reflect the

9    seriousness of the actual offense behavior?

10             *MR. TILL:*  It does, your Honor.

11             *THE COURT:*  And if I were to accept this plea and plea

12   agreement, would the sentencing objectives be undermined in any

13   way?

14             *MR. TILL:*  No, your Honor, they would not be

15   undermined in any way.

16             *THE COURT:*  Thank you.

17             Mr. Hahn, I'm assuming you have no objection to this

18   motion.

19             *MR. HAHN:*  That's correct.

20             *THE COURT:*  Thank you.

21             Do either of you desire to supplement the record?

22             *MR. TILL:*  Your Honor, the only thing I would say is

23   that we do agree that the defendant should remain on bond if

24   the Court does accept his plea today.

25             *THE COURT:*  Thank you.

1          *MR. HAHN:*  And I have nothing further.

2          *THE COURT:*  Thank you.

3          Then based on the record made in open court this

4    afternoon, in Case No. 12-cr-10, encaptioned the United States

5    of America vs. Clifford M. Wright, I hereby find that the

6    defendant is fully competent to enter an informed plea.  He's

7    been represented through the course of this case and this

8    proceeding, and he has no objection, criticism, or complaint as

9    to the representation he's received.  He's aware of the nature

10   of the charges against him and the effects and consequences of

11   his plea of guilty.  He has knowingly and voluntarily waived

12   fundamental constitutional rights, including his right to a

13   jury trial.  He understands that the penalty that will be

14   imposed will be based in part on the facts stated in the plea

15   agreement and that the penalty may exceed the calculations in

16   the plea agreement.

17          His plea of guilty is voluntary and knowingly made,

18   and the charge and plea is supported by an independent basis in

19   fact.

20          The Government in accordance with the plea agreement

21   has orally moved to dismiss other charges against Mr. Wright,

22   and I find that good cause exists to grant the Government's

23   motion.

24          The charge that he has pled guilty to, Count 29 in the

25   original indictment, adequately reflects the seriousness of the

1    actual offense behavior, and the parties' agreement does not

2    undermine the statutory purposes of sentencing.

3              It's therefore ordered that Court Exhibits 1 and 2 are

4    received, the plea as made in open court today is accepted, and

5    Mr. Wright is adjudged guilty as charged in Count 29 of the

6    original indictment.  Counts 30 and 32 of the original

7    indictment and all counts against Mr. Wright in the superseding

8    indictment are dismissed; however, the effect of this order is

9    stayed until the time of sentencing.

10             The probation department will conduct a presentence

11   investigation and submit a presentence report as required by

12   Rule 32.  The defendant with the assistance of counsel will

13   participate in the investigation and cooperate fully with the

14   probation department.

15             It looks like you've set sentencing for October 10,

16   2012, at 9:00 a.m.  Does that still work for everybody?

17             *MR. TILL:*  Yes, your Honor.

18             *MR. HAHN:*  Yes, it does.

19             *THE COURT:*  Okay.  Then that will be our sentencing

20   hearing.

21             And the trial on charges against Mr. Wright was

22   vacated at the time of the filing of the notice of disposition.

23             It looks like to me there are no pending motions.

24   Have I overlooked anything?

25             *MR. TILL:*  I don't believe so, your Honor.

1          *MR. HAHN:*  Nor do I.

2          *THE COURT:*  Okay.  Any further business by the

3     Government or the defendant?

4          *MR. TILL:*  No, your Honor.

5          *MR. HAHN:*  No, your Honor.

6          *THE COURT:*  Then the conditions on bond will remain in

7     effect pending sentencing in this case.

8          Mr. Wright, please confer with Mr. Hahn verifying time

9     and place for your sentencing.  It's important that you be

10    here.  If you're not, Mr. Till may request a warrant for your

11    arrest.

12         *THE DEFENDANT:*  Understood.

13         *THE COURT:*  All right.  I'll look forward to seeing

14    you in October.  That will conclude this matter.

15         And thank you, Mr. Till; thank you, Mr. Hahn; thank

16    you to our marshal's staff and our court staff.  We'll stand in

17    recess.

18       (Recess at 4:39 p.m.)

19                         *   *   *   *   *

20                     **REPORTER'S CERTIFICATE**

21       I certify that the foregoing is a correct transcript from

22    the record of proceedings in the above-entitled matter.  Dated

23    at Denver, Colorado, this 20th day of August, 2013.

24

25                                      *S/Paul A. Zuckerman*
                                        Paul A. Zuckerman