IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CLIFFORD M. WRIGHT,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
Sentencing Hearing
_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER,

Judge, United States District Court for the District of

Colorado, commencing at 3:45 p.m., on the 13th day of November,

2012, in Courtroom 901A, United States Courthouse, Denver,

Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street,

Suite 700, Denver, Colorado, 80202, appearing for the

plaintiff.

    RONALD HAHN, Attorney at Law, 333 West Hampden Avenue,

Suite 415, Englewood, Colorado, 80110, appearing for the

defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

<pre>
 1                      P R O C E E D I N G S
 2          THE COURT:  Court is convened today in Case No.
 3  12-cr-10, which is encaptioned for purposes of today's hearing,
 4  a sentencing hearing, as the United States of America v.
 5  Clifford M. Wright.
 6          Could I have entries of appearance, please.
 7          MR. TILL:  Good afternoon, Your Honor.  Your Honor,
 8  I'm Guy Till.  I'm an assistant U.S. attorney representing the
 9  Government.
10          THE COURT:  Good afternoon and welcome.
11          MR. TILL:  Thank you, Your Honor.
12          MR. HAHN:  Good afternoon, Your Honor.  My name is
13  Ronald Hahn, H-A-H-N.  I am court-appointed counsel for
14  Mr. Wright, who is present on bond today.
15          THE COURT:  Good afternoon and welcome.
16          MR. HAHN:  Good afternoon, thank you.
17          THE COURT:  Are you all ready to proceed?
18          MR. TILL:  Yes, Your Honor.
19          MR. HAHN:  Yes, Your Honor.
20          THE COURT:  Thank you.
21          Mr. Hahn, would you and Mr. Wright please approach the
22  lectern.
23          This matter is before the Court for purposes of
24  sentencing.  The record reflects that the defendant was charged
25  in a 32-count Indictment filed with this court on January 9,
</pre>

1   2012.  He was charged in Counts 29 and 30 with possession with

2   intent to distribute a quantity of a substance and mixture

3   containing a detectable amount of cocaine in violation of 21

4   U.S.C. Section 841(a)(1) and (b)(1)(C), and in Count 32 with

5   using and maintaining drug-involved premises and aiding and

6   violation in violating of 21 U.S.C. Section 856(a)(1) and (2)

7   and (b) and 18 U.S.C. Section 2.

8        On February 6, 2012, a Superseding Indictment at

9   Docket No. 180, was filed.  The same counts were contained in

10  the Superseding Indictment.

11       The defendant entered a plea of not guilty to both

12  counts, but then on June 22, 2012, in accordance with the

13  written plea agreement, changed his plea to a plea of guilty to

14  Count 29 of the Indictment in accordance with the terms of the

15  plea agreement.  The Government moved to dismiss the remaining

16  count in the original Indictment, Count 30, and the Counts in

17  the Superseding Indictment.  I accepted the defendant's plea to

18  Count 29 and granted the Government's oral motion to dismiss

19  the remaining counts.  That order does not become effective

20  until today, the day of sentencing.

21       Mr. Wright is before the Court now, having been

22  convicted of violating 21 U.S.C. Section 841(a)(1) and

23  (b)(1)(C), being in possession with intent to distribute a

24  quantity or substance and mixture containing a detectable

25  amount of cocaine.

1    In preparation for this hearing, I've had the

2 opportunity to review and consider a number of documents.

3 Docket No. 626, the original presentence report; Docket 649,

4 the defendant's response to the report; Docket 672, the final

5 presentence report; 673, an addendum to that report; 6 -- 739,

6 a request by the defendant for a non-guideline sentence; 740, a

7 motion for downward departure pursuant to Section 5K1.1 by the

8 United States; 741, a response to the motion by the United

9 States, this is the motion by Mr. Wright; and Docket No. 743, a

10 second addendum to the presentence report.

11    Let me inquire of you, counsel, whether you and the

12 defendant have had adequate opportunity to review and consider

13 these documents.

14    MR. HAHN:  We have.  I have two issues with regard to

15 739, my motion for a non-guideline sentence.

16    THE COURT:  Yes.  Would you pull the microphone to

17 you, Mr. Hahn.  I'm having a little difficulty understanding

18 you.

19    MR. HAHN:  I'm sorry.  I have two issues with regard

20 to our motion for a non-guideline sentence, if I may address

21 them.

22    THE COURT:  Sure.  We usually deal with variance in

23 the order of varying issues.  Would you like to address that

24 now, or you do want to wait until we deal with variances?

25    MR. HAHN:  There is one issue I think I should address

1    now.

2              *THE COURT:*  Okay.

3              *MR. HAHN:*  When we filed that motion, there were ten

4    exhibits.  But it occurred to my secretary when she

5    accomplished the filing, that most of the exhibits were not

6    legible.  And as a result, we sent a letter to the Court with a

7    copy to Mr. Till that had another copy of those exhibits, and

8    I'm wondering if the Court has received them.

9              *THE COURT:*  I have.

10             *MR. HAHN:*  Thank you.

11             *THE COURT:*  Thank you.  Is there another issue you

12   want to address?

13             *MR. HAHN:*  The other issue I'll defer until the

14   appropriate time.

15             *THE COURT:*  All right.

16        Mr. Till, have you had adequate opportunity to review

17   and consider these documents?

18             *MR. TILL:*  I have, Your Honor.

19             *THE COURT:*  Thank you.  Are there any other documents

20   that either party would like me to consider?

21             *MR. TILL:*  Not from the Government, Your Honor.

22             *MR. HAHN:*  Not on behalf of Mr. Wright.

23             *THE COURT:*  Thank you.

24        Any dispute as to the factual contents in the

25   presentence report?

1            MR. TILL:  Not from the Government, Your Honor.

2            MR. HAHN:  We have noted the dispute in our

3      objections.  I don't think that they are substantial with

4      regard to the sentencing issues before the Court today.

5            THE COURT:  All right.  So you don't want those

6      determined?

7            MR. HAHN:  I don't believe it's necessary.

8            THE COURT:  Okay.  Any dispute as to the calculation

9      of the sentence under the federal sentencing guidelines as set

10     forth in the presentence report?

11           MR. TILL:  None from the Government, Your Honor.

12           MR. HAHN:  Not on behalf of Mr. Wright.

13           THE COURT:  The request for a departure has been made

14     by the Government.  Would you make your offer, please.

15           MR. TILL:  Yes, Your Honor.  The defendant did debrief

16     with the agents.  And he was in my judgment truthful, to the

17     best of his ability.  He gave information regarding, to the

18     extent that he is able to, the source of the cocaine that he

19     provided to the -- in the controlled purchases.  He also gave

20     background information on two motorcycle club type

21     organizations, including the Hells Lovers motorcycle club

22     organization.

23           THE COURT:  What sentence does the Government believe

24     is appropriate in light of the cooperation given?

25           MR. TILL:  Your Honor, we were recommending a

1    40 percent departure, which I believe according to the second

2    addendum, I think that comes out to a 6-month sentence.

3         *THE COURT:*  All right.  Thank you.

4         Anything that you would like me to know, Mr. Hahn, in

5    addition to that?

6         *MR. HAHN:*  Your Honor, with regard to the motion for

7    non-guideline sentence --

8         *THE COURT:*  Well, we're not there yet.  We're dealing

9    right now with the departure.  Anything else you'd like to deal

10   with on departure?

11        *MR. HAHN:*  No, Your Honor.

12        *THE COURT:*  All right.  Then let's go to the variance.

13   That's where you want to go.

14        *MR. HAHN:*  Thank you.  I don't know that I was

15   actually aware of what the calculation would end up being if

16   the Court accepted the motion for downward departure.  But in

17   light of the second addendum that I was finally able to open

18   this morning, even though it was filed on November 9, I'd

19   either like to withdraw my motion for non-guideline sentence or

20   amend what it is I would be asking for.

21        *THE COURT:*  Whatever you'd like.

22        *MR. HAHN:*  Based on all of the circumstances, I think

23   that what would be an appropriate sentence in this case would

24   be a one-year sentence to probation.  I would ask if the Court

25   feels that some sort of punitive sanction is appropriate and

1    necessary, that Mr. Wright be allowed to serve any time on home

2    detention.  Based on all of the Information before the Court,

3    including the Information from Mr. Burney, it does not appear

4    that Mr. Wright is in need of any substance abuse treatment or

5    treatment to deal with mental health issues.  And I've attached

6    a report from Mr. Wright's treatment provider for

7    offense-specific treatment.  And although that is a very brief

8    statement, that does not indicate any need for further

9    treatment or counseling in that regard either.

10            THE COURT:  Thank you.  Response.

11            MR. TILL:  Your Honor, I believe he is, as I

12    understand eligible for probation, I think he's in zone C.  But

13    if the Court is going to give him probation, I don't think a

14    year is long enough.  And I would agree, though, that there

15    should be a period of home detention, if the Court does grant

16    probation.

17            THE COURT:  Well, what sentence do you think is

18    appropriate here?

19            MR. TILL:  Your Honor, I think at least two years of

20    probation, with at least six months of home detention.

21            THE COURT:  And why do you think that's appropriate?

22            MR. TILL:  Your Honor, the -- he's an unusual

23    defendant.  He actually communicated with the agent when he

24    debriefed in an unusually forthright, matter of fact way, in my

25    opinion.  Some people are evasive.  He does present at times,

1    as you'd expect, a 40-year old man with responsibilities in a

2    world, to behave.  He also is a college graduate.  But it also

3    appears that he -- and he's done well for almost I think it's

4    like approximately ten months on pretrial supervision.  So it

5    appears that this 40-year-old college graduate, adult,

6    intelligent man can succeed, but it also appears that he's

7    still -- would benefit from structure.  So I'm -- I'm thinking

8    that a period of -- rather long period of probation, which you

9    add it on to the pretrial supervision, would let us know if he

10   can make it or not.  He will then be 42 years old.  I hope he

11   does make it.

12        It seems to me, his business situation, his work

13   history and so forth, he's kind of living on the edge, but he

14   is meeting his responsibilities.  So I hope that he can make

15   it.  I hope he can do his responsibilities and continue to

16   succeed, but I also believe that the structure would be good.

17        THE COURT:  Thank you.  Reply.

18        MR. HAHN:  Your Honor, when we entered into the plea

19   agreement, I believe the recommendation that the Government

20   agreed to make was for a sentence at the bottom of the

21   guideline range.  Based on the second amend -- amendment to the

22   presentence report, I think the bottom of the range would be

23   probation with, if the Court believes that some form of

24   punishment is necessary, one month would be all that would be

25   required according to the guidelines.  So therefore, I think

1    that six months is excessive.

2           I don't have a real dispute with a two-year

3    probationary sentence; but I see it as only a way to keep a

4    thumb on Mr. Wright's pulse for the extra year, to make sure

5    that he doesn't get into any further trouble.  And I would

6    suggest that there is nothing to indicate that that is likely

7    to happen.  I think his business at this point is moving

8    towards a successful position, every day things get a little

9    bit better for Mr. Wright.  He has shows that sign up with him

10   to do showings.  He's just indicated to me as we were talking,

11   waiting to begin the hearing, that the Colorado snowboard

12   convention has rented out his building for the purpose of

13   putting on some kind of display or show in the middle of

14   December.

15          I think he's got a lot of things going for him to keep

16   him very busy, including his responsibilities at home.  And I

17   don't know that two years is really necessary to serve the

18   factors that the Court should be considering.

19          THE COURT:  I'm a little puzzled by the defendant's

20   position here.  The request here is for a variant sentence, a

21   sentence of probation.  The defendant requests that probation

22   be imposed without any conditions requiring treatment of

23   substance abuse issues or continued supervision in light of a

24   prior conviction.  While I understand that the defendant

25   doesn't want that, this is a serious crime.  And, essentially,

1    what I understand is that the defendant doesn't believe that

2    there should be any penalty, any punitive component to the

3    sentence imposed here.  Is that right?

4         MR. HAHN:  I may have not been altogether clear when I

5    talked about the period of probation.  I've asked the Court for

6    a one-year probationary sentence.  And I indicated to the Court

7    that I don't think Mr. Wright would have a problem if the Court

8    imposed two years, but I don't necessarily see a need for that

9    extra year of supervision.

10        And as far as substance abuse is concerned, I don't

11   know that there is an issue to be treated.  I don't think

12   Mr. Wright would have a problem with an order that he be

13   evaluated regarding substance abuse issues and follow through

14   with any treatment that is recommended.

15        I think that Mr. Wright feels very fortunate to be

16   standing before the Court today with that second addendum

17   that's been filed, that brings him down to a level where I can

18   ask for probation.  And I'm not asking the Court to really

19   stretch or vary greatly from what the guidelines would suggest.

20   But please understand that both Mr. Wright and I understand

21   that the conduct that he has admitted and been convicted of, we

22   both see as very serious, and he feels fortunate to be in the

23   place that he is today.

24        Whatever the Court is going to impose, Mr. Wright, I

25   am sure, is going to do whatever is necessary to meet the

1   requirements that the Court imposes and to make probation, if

2   it's granted, work.

3          THE COURT:  All right.  Anything further?

4          MR. HAHN:  I think Mr. Wright would like to address

5   the Court.

6          THE COURT:  He has a right to do so.

7          Mr. Wright, what would you like me to know?

8          THE DEFENDANT:  Your Honor, I -- like Mr. Hahn said, I

9   appreciate the opportunity to stand in front of you and even be

10  talking about probation.  So I understand that I had no

11  business dealing with this CI in any way.  And I'm asking Your

12  Honor for the opportunity to provide for my kids.  I've gotten

13  myself back in the last four and a half years to where I can do

14  that, and I feel I owe my kids -- I'm 40 now, and now I have

15  two daughters going to college.  I have a son, you know, I have

16  a daughter going to college in February, and then a year and a

17  half later, I have another one, and I would just like the

18  opportunity to keep my business and contribute to my children.

19         THE COURT:  What's going to keep you from doing this

20  again?

21         THE DEFENDANT:  I didn't hear.

22         I think just the fact that I almost lost everything,

23  when I have already just -- I almost lost everything.  I have

24  fought hard, it's been unbelievable, to even get my kids back.

25  I almost lost them all.  I don't see anything worth that at

 1    all.

 2             THE COURT:  Why did you do it in the first place?

 3             THE DEFENDANT:  Why did I do it in the first place?

 4             THE COURT:  Yeah.

 5             THE DEFENDANT:  Because the CI -- want me to tell her?

 6             MR. HAHN:  Sure.

 7             THE DEFENDANT:  The CI just got back from St. Louis

 8    doing something for his club.  He had gotten beaten up and

 9    kicked out of the club.  When he was calling me repeatedly, he

10    was telling me he could not feed his kids, could not pay his

11    child support.  I had just lost my son, so I basically

12    connected two people together, because he was telling me he

13    couldn't even provide for his own kids.  Now, granted, I still

14    had no reason to do that, but that's why -- I was in the

15    position where I just buried my son recently, and that's how he

16    came at me was, he couldn't even provide for his own children.

17    It wasn't like, oh, we're just sitting around and I just want

18    to sell just to be selling.  He came to me repeatedly with

19    that, after being attacked by a whole bunch of people.

20             THE COURT:  Well, Mr. Wright, you had familiarity with

21    the criminal legal system, you knew that selling drugs was

22    wrong, what is it about that situation that is so unique that I

23    should be reassured that if somebody else comes to you with a

24    song and dance about their kids not eating that you wouldn't do

25    the same thing all over again?

1          THE DEFENDANT:  I no longer care about other people's

2     situations.  My kids are first.  They were first then, but I

3     think I was in an emotional state with my son committing

4     suicide, that I was doing things I had no business doing.  But

5     now I -- I have my own story now.  I am not going to worry

6     about someone else's story.

7          THE COURT:  Is there anything else you'd like me to

8     know?

9          THE DEFENDANT:  No, ma'am.

10         THE COURT:  Any further argument as to the sentence to

11    be imposed?

12         MR. TILL:  Your Honor, my understanding of the terms

13    of the plea agreement and Mr. Hahn's are different.  I feel

14    that I would have been within the plea agreement if I had

15    suggested he go to prison for 6 months, and I didn't -- I did

16    not make that recommendation.  I do believe that would be

17    within the plea agreement.  That's --

18         THE COURT:  I don't see this as a violation of your

19    terms of the plea agreement.

20         MR. TILL:  All right.  Thank you, Your Honor.

21         THE COURT:  It' a request for a variant sentence on

22    the part of the defense.  That's why we -- I structure these

23    hearings the way I do, is so the defendant gets an opportunity

24    to make that request.  How you choose to respond to that is how

25    you choose to respond to that.

1          MR. TILL:  Thank you, Your Honor.

2          THE COURT:  Anything further on the defense?

3          MR. HAHN:  No, Your Honor.

4          THE COURT:  Then I'll announce the sentence I intend

5     to impose.  Of course, counsel, you'll have a final opportunity

6     to make legal objections before judgment is entered.  And if

7     you believe that the sentence is premised upon error or if it's

8     premised upon an issue or a resolution of an issue that you

9     don't think you had adequate opportunity to address, then I

10    invite you to request a continuance.

11          Imposition of a sentence in a federal criminal case is

12    governed by a number of statutes.  The umbrella statute is 18

13    U.S.C. Section 3553.  In imposing sentence in this case, as in

14    all cases, the Court is required to consider the objectives and

15    the factors set forth in Section 3553(a).  The statute requires

16    that the sentence be sufficient but not greater than necessary

17    to satisfy particular objectives:  The sentence must reflect

18    the seriousness of the offense; promote respect for the law;

19    provide just punishment; adequately deter criminal conduct;

20    protect the public from further crimes by the defendant; and

21    provide the defendant with needed educational or vocational

22    training, medical care, or other correctional treatment in the

23    most effective manner.

24          To fashion a sentence that meets these objectives, the

25    statute requires the Court to consider the nature and

1    circumstances of the offense; the history and characteristics

2    of the defendant; the kinds of sentences that are available;

3    the sentence prescribed by the federal sentencing guidelines;

4    the need to avoid unwarranted sentence disparities among

5    defendants with similar records found guilty of similar

6    conduct; and in the appropriate case, the Court would consider

7    restitution.

8         At the beginning of this hearing, I identified the

9    documents that I had studied in preparing for the hearing,

10   confirmed with counsel that they had had adequate opportunity

11   to review those documents; confirmed that there were no

12   additional documents other than those that were physically sent

13   to the Court, which I considered as well; confirmed that there

14   is no factual dispute in the presentence report that requires

15   determination by the Court, therefore, the Court takes the

16   facts in the presentence report with the exceptions noted by

17   the defendant as true; confirmed that the calculation in the

18   presentence report under the federal sentencing guidelines is

19   accurate.

20        That is where we start, is with those calculations.

21   The Base Offense Level under the sentencing guidelines for a

22   violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(C) is set

23   by Section 2D1.1 at 14.  This is because the parties stipulated

24   in the plea agreement that the net weight of the cocaine

25   mixture and substance was approximately 28 grams, which is less

 1   than 50 grams but more than 25 grams.

 2           There is an adjustment for acceptance of

 3   responsibility.  The defendant receives the maximum downward

 4   adjustment for his acceptance of responsibility, a two-level

 5   adjustment.  That results in an offense level of 12.  Then we

 6   turn to criminal history, which is the second component under

 7   the guidelines.  There are 2 criminal history points.  That

 8   puts the defendant in Criminal History Category II.  With a

 9   Criminal History Category of II and an offense level of 12, the

10   custodial time period recommended by the guidelines is 12 to 18

11   months, supervised release of 3 years, a fine of 3,000 to

12   $1 million.  A special assessment of $100 is mandated by

13   statute.

14           The Government has filed a motion pursuant to Section

15   5K1.1 of the guidelines requesting a downward departure due to

16   the defendant's cooperation with the authorities.  The

17   Government has requested a 40 percent reduction off the bottom

18   end of the guidelines calculated in this case.  That would

19   result -- interestingly, what the guidelines -- what the

20   presentence report treats this as is a 40 percent reduction of

21   offense level, and I'm not sure that's how the motion is

22   characterized.  I thought it was a 40 percent off the guideline

23   range.

24           What was it that the Government wanted to do here?

25           *MR. TILL:*  Your Honor, I believe it was -- I believe

1    we did intend to go offense level in this case.

2        *THE COURT:*  Okay.  Thank you.  With a 40 percent

3    reduction in the offense level, we're looking at a -- with a

4    Criminal History Category II and an offense level of 6, of a

5    guideline range of incarceration of 1 to 7 months.  This is a

6    Zone B sentencing range under the guidelines.  I find based on

7    the representations made by the Government, in conjunction with

8    its motion, that a departure is appropriate under Section 5K1.1

9    of the guidelines.  And there has been no evidence to suggest

10   that the calculation by the Government in the reduction is

11   inappropriate.  Therefore, this creates a guideline calculation

12   of an offense -- with an offense level of 6, with an advisory

13   guideline range of 1 to 7 months of incarceration.

14        The defendant requests a variant sentence.  The

15   original motion for a variant sentence that was filed at Docket

16   No. 739 was premised on a different assumption in calculation

17   of the guideline range.  Now, based on the current calculation

18   of the guideline range, I understand the defendant to request

19   one year of probation as a variant sentence with no conditions

20   related to substance abuse treatment or further treatment

21   associated with his prior conviction.

22        The Government has responded to that by saying that a

23   variant sentence here in its view should involve 2 years of

24   probation and have a home detention period of 6 months.  I

25   understand the defense to argue that there is no need for a

1   home detention period; however, the defense would have no

2   objection to two years of probation.

3          Have I correctly understood your position?

4          *MR. HAHN:*  Yes, you have.

5          *THE COURT:*  Okay.

6          As I indicated earlier, what we look at with regard to

7   sentencing under 18 U.S.C. Section 3553 is what sentence would

8   be sufficient but not greater than necessary to satisfy the

9   sentencing objectives.  I've listened carefully to what

10  Mr. Wright has said; I've listened to the arguments of counsel.

11  And I recognize that there was, by virtue of Mr. Wright's

12  cooperation with the Government, a significant reduction in the

13  sentence that is requested here or calculated here under the

14  sentencing guidelines; but I'm struck by the fact that this is

15  a serious offense.  And I'm particularly struck by Mr. Wright's

16  statement that he connected another individual with a supplier

17  of cocaine in order to facilitate a transaction of 1 ounce of

18  cocaine for $650.  Now, whether the seller of the cocaine or

19  the buyer of the cocaine was a confidential informant is

20  irrelevant; this is a drug transaction.

21         And even though this case arose out of an

22  investigation and is associated with charges made against

23  others concerning the Hells Lovers motorcycle club, that is not

24  what is of issue in the sentencing.  This isn't about whether

25  Mr. Wright is a good person.  This isn't about whether

1    Mr. Wright has an obligation to or wants to take care of his

2    children.  Every single one of us makes mistakes, and every

3    single one of us is accountable for the mistakes we make.  And

4    I'm struck here by Mr. Wright, who doesn't really -- hasn't

5    really in the course of his allocution indicated that this was

6    his mistake and he's accountable for it.  Instead, he sees this

7    as an outgrowth of his emotional state at the moment.

8            And while I appreciate his emotional state at that

9    time, in particular, the tragic loss of his son, that doesn't

10   excuse his behavior.

11           His cooperation with the Government has reduced the

12   guideline range that he is facing to a relatively -- very light

13   sentence, and I don't disagree with that.  I'm going to grant

14   the motion for the downward departure.  I do believe that the

15   sentence that is imposed here has to have more of a punitive

16   impact, however, than simply probation in light of the

17   seriousness of the offense and the need to promote respect for

18   the law.  And therefore, I intend with regard to the sentence

19   here, to impose a variant sentence that involves probation, but

20   2 years of probation, and 6 months of home detention.  This

21   facilitates Mr. Wright's ability to conduct his business,

22   support his children, recognizes that interruption of those

23   activities would be detrimental, both to him and to others, it

24   recognizes that he is on the cusp of having a very significant

25   and hopefully successful business, but it addresses the

1    seriousness of his conduct, which I'm not satisfied he's

2    addressed.

3          I intend to impose a special assessment of $100.  I do

4    not intend to impose a fine, because I find that he lacks the

5    ability to pay a fine.

6          With regard to the terms and conditions on supervision

7    during the probationary period, I do not find that he needs to

8    participate in and complete a program of testing and or

9    treatment for substance abuse, nor do I find that he has a need

10   to participate in and complete a program of sex offender

11   evaluation and treatment.  Neither of those appear to me to be

12   necessary in order to serve the sentencing factors.

13         So summarized, I intend to impose as a custodial term,

14   a 6-month term of home detention as part of a 2-year

15   probationary term with the standard conditions on probation,

16   and a special assessment of $100.

17         Any need for clarification or further explanation?

18   Mr. Till.

19         *MR. TILL:*  No, Your Honor.  Thank you.

20         *MR. HAHN:*  No --

21         Mr. Wright -- we don't need further explanation; we

22   don't need further time to deal with issues that have not

23   previously been addressed.  Mr. Wright has asked me to express

24   for him how I have viewed him during the pendency of this case.

25   And from day one, Mr. Wright has accepted responsibility for

1  committing a serious offense and has been willing to accept

2  whatever consequences would flow from that, recognizing that he

3  made a mistake.

4       I should tell the Court that I have represented

5  Mr. Wright previously.  And I don't know if the Court recalls

6  any of the information when bond had to be considered, but I

7  was court appointed in state court involving a situation with

8  Mr. Wright and some of his children.  And I have always found

9  him to be respectful of the law.

10       I think he was trying to explain to the Court when he

11  spoke to the Court why he allowed himself to be talked into

12  this.  But never for one minute or one day has he ever denied

13  that he did something wrong, that he was facing very serious

14  consequences.  And when I stated to the Court that he felt

15  fortunate to be here today, I was talking about where the

16  guidelines have brought us.  I think he does accept

17  responsibility for the breach of the law that he committed in

18  this case.

19       THE COURT:  Thank you.

20       Anything further before I impose judgment?

21       MR. HAHN:  Nothing --

22       THE DEFENDANT:  I never wanted to disrespect Your

23  Honor by implying in some way this was not serious.  When I say

24  lose everything, I -- what I mean by, very serious, not

25  partially or kind of.  Nor did I want to give Your Honor an

1    excuse for some other -- I was just trying to answer your

2    question.  But bottom line, I did this, I was wrong, and I am

3    here.  You know, I -- I apologize for my appearance, my kids.

4    I know I was wrong.

5              THE COURT:  Thank you.  It doesn't change the sentence

6    here.

7              Pursuant to the Sentencing Reform Act of 1984, having

8    considered the provisions of 18 U.S.C. Section 3553 and

9    determining the sentence that is sufficient but not greater

10   than necessary to satisfy the sentencing objectives, it is the

11   judgment of the Court that the defendant, Clifford M. Wright,

12   be placed on probation for a term of 2 years, and within that

13   2-year term, submit to home detention with electronic

14   monitoring for a period of 6 months.

15             The term of probation will be subject to the standard

16   conditions.  The defendant shall not unlawfully possess a

17   controlled substance, he'll refrain from any unlawful use of a

18   controlled substance, he'll cooperate in the collection of DNA

19   as directed by the probation officer, and he'll comply with the

20   requirements of the Sex Offender Registration Notification Act,

21   42 U.S.C. Section 16901 et seq., as directed by the probation

22   officer.

23             I do not impose any special conditions of supervision,

24   I do not impose a fine, both for the reasons specified earlier.

25   There is a special assessment of $100, which is mandated by

1    statute.

2         The defendant is advised, however, of his right to

3    appeal.  You have 14 days in which to file a Notice of Appeal,

4    if you would like, Mr. Wright.  And ordinarily, Mr. Hahn would

5    file that Notice of Appeal for you; but if for some reason you

6    wish to appeal, and he's unable or is unwilling to file a

7    Notice of Appeal on your behalf, you may request and I will

8    direct the Clerk of the Court to file a Notice of Appeal for

9    you.

10        Is there any further business to bring before the

11   Court?  Do you have a bond that needs to be exonerated?

12        *MR. HAHN:*  Yes, please.

13        *THE COURT:*  All right.  The bond is exonerated.

14   Anything further?

15        *MR. TILL:*  Not from the Government, Your Honor.

16        *MR. HAHN:*  And I have nothing further.

17        *THE COURT:*  Thank you -- Mr. Burney.

18        *PROBATION OFFICER:*  Your Honor, I would like to just

19   say for the record, I think that the 6 months of home

20   confinement would need to be a special condition of the --

21        *THE COURT:*  All right.  We'll make it a special

22   condition.  And that will be telephone monitored; is that

23   correct?

24        *PROBATION OFFICER:*  Yes.

25        *THE COURT:*  Then, Mr. Wright, you'll be sure to have

1    installed a telephone that is compliant with the telephone

2    monitoring.

3             MR. HAHN:  He's already in a position for that to

4    happen.

5             THE COURT:  Okay.  All right.  Then, thank you.  That

6    will conclude this matter.  Thank you, Mr. Till; thank you,

7    Mr. Hahn; thank you, Mr. Burney; thank you to our Marshal

8    Service and our court staff.  That concludes this matter.

9    We'll stand in recess.

10            MR. HAHN:  Thank you.

11            (Recess at 4:27 p.m.)

12                      REPORTER'S CERTIFICATE

13

14        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.

15

16        Dated at Denver, Colorado, this 15th day of November,

17    2012.

18                              s/Therese Lindblom

19                         _____

20                         Therese Lindblom,CSR,RMR,CRR

21

22

23

24

25